IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY ASHWORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:23-cv-164-DWD |
| | ) |
| JOHN MCNEELY and BRUCE LAIRD, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

On December 18, 2023, Plaintiff filed a Motion to Dismiss (Doc. 52), requesting that the case be dismissed without prejudice. Shortly thereafter, the Court ordered as follows:

> ORDER regarding the *pro se* Plaintiff's Motion to Dismiss (Doc. 52), wherein he requests that the Court dismiss this case without prejudice. Defendants have filed an Answer in the case. (Doc. 23). Therefore, to dismiss the case without prejudice, Plaintiff must proceed under Federal Rule of Civil Procedure 41(a)(2), which, in part, states: "[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *see also Marlow v. Winston & Strawn*, 19 F.3d 300, 303-05 (7th Cir. 1994) (stating, among other things, "Rule 41(a)(2) provides that, after a defendant has filed an answer or a motion for summary judgment, a plaintiff may voluntarily dismiss his case without prejudice, but only 'upon order of the court and upon such terms and conditions as the court deems proper.' "). As a result of this procedural posture, the Court **DIRECTS** Defendants to file a Response to the Motion to Dismiss **on or before January 5, 2024**, and Plaintiff to file a Reply in Support of his Motion to Dismiss, wherein he shall respond to Defendants' arguments, **on or before January 12, 2024**. *See Marlow*, 19 F.3d at 305 (stating, in the context of Rule 41(a)(2), "[a] Court should not label something as a term and condition yet not afford the affected party an opportunity to consider his options before making his decision.").

(Doc. 53).

In the interim, Defendants, on December 22, 2023, filed a Motion for Sanctions under Federal Rule of Civil Procedure 37(b)(2)(A)(v) and to Dismiss Pursuant to Rule 41(b). (Doc. 54). Defendants argue Plaintiff has failed to comply with certain discovery disclosures. (Doc. 54, pg. 2). Plaintiff allegedly indicated to Defendants "he was attending to some personal matters and was not in a position to be able to respond to the outstanding discovery and did not provide a time frame for possible compliance." (Doc. 54, pg. 2). Despite a grant of Defendants' Motion to Compel by the Court, Plaintiff has not complied with his outstanding discovery obligations. (Docs. 47 & 48). Defendants also note "Plaintiff has failed to pursue his case in any meaningful way despite the fact it has been pending for almost a year." (Doc. 54, pg. 3). Therefore, Defendants seek a dismissal, with prejudice, under Rule 37(b)(2)(A)(v) or Rule 41(b). (Doc. 54, pg. 3).

On January 5, 2024, Defendants filed their Response to Plaintiff's Motion to Dismiss. (Doc. 55). They request that the Court address their Motion for Sanctions and Motion to Dismiss before Plaintiff's Motion to Dismiss, as "the Court's ruling on that motion would render Plaintiff's motion moot." (Doc. 55, pg. 1). In any event, Defendants state "they generally do not object to Plaintiff's request to voluntarily dismiss and…[they] do not seek costs or attorney's [fees] from Plaintiff, a *pro se* litigant, as a term of dismissal." (Doc. 55, pgs. 1-2). They do, however, seek a dismissal with prejudice. (Doc. 55, pg. 2).

Plaintiff has not filed anything on the docket since his Motion to Dismiss. That is, Plaintiff elected not to file a Reply in Support of his Motion or a Response in Opposition to Defendants' Motion. In fact, on January 17, 2024, the Order at Doc. 53, which was sent to Plaintiff's last known address of record, was returned as undeliverable. (Doc. 56).

2

The next day, January 18, 2024, the Court entered the following Order:

> ORDER regarding *pro se* Plaintiff's Motion to Dismiss (Doc. 52) and Defendants' Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) and Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(b) (Doc. 54). On December 20, 2023, the Court noted that Plaintiff's Motion to Dismiss requested a dismissal without prejudice. (Doc. 53). However, Defendants filed an Answer in the case (Doc. 23), so it was necessary for Plaintiff to proceed under Federal Rule of Civil Procedure 41(a)(2). (Doc. 53); *see also* Fed. R. Civ. P. 41(a)(2); *Marlow v. Winston & Strawn*, 19 F.3d 300, 303-05 (7th Cir. 1994). As a result of this procedural posture, the Court directed Defendants to file a Response to Plaintiff's Motion to Dismiss on or before January 5, 2024, and Plaintiff to file a Reply in Support of his Motion to Dismiss, wherein he responded to Defendants' arguments, on or before January 12, 2024. (Doc. 53). Defendants, but not Plaintiff, complied with that briefing schedule. Further, Defendants filed the previously mentioned Motion at Doc. 54, to which Plaintiff has not responded as of this date. Accordingly, Plaintiff is **ORDERED** to file his Reply to the Motion to Dismiss at Doc. 52 and Response to Defendants' Motion at Doc. 54, if any, **on or before February 16, 2024**. If Plaintiff elects not to file a Reply or Response, then the Court will rule based on the current procedural posture of the case.

(Doc. 57).

On February 7, 2024, the above-quoted Order, like the Order at Doc. 53, was returned as undeliverable to Plaintiff's last known address of record. (Doc. 58).

Notably, Plaintiff's failure to maintain a current address on the docket has been a recurring issue in this case. Aside from the returned mail on January 17 and February 7, 2024, Plaintiff had mail returned as undeliverable on February 8, February 22, and March 15, 2023. (Docs. 8, 10, 12). Eventually, he filed a Notice of Change of Address. (Doc. 13).

Likewise, in response to Plaintiff's Fifth Motion for the Recruitment of Counsel (Doc. 49), the Court stated as follows:

> Plaintiff indicates he entered a rehabilitation facility. Plaintiff further indicates he 'had to leave Illinois...[due to] the retaliation from the

3

> Defendants, every time I give my location or address to this Court[,] I go to jail.' Plaintiff fears for his safety and wellbeing. For these reasons, Plaintiff requests an attorney. Now, initially, the Court reminds Plaintiff that it must have an up-to-date address on the docket. And, despite the aforementioned claims, the Court notes that Plaintiff included a return address with the instant Motion that is different than the address on the docket. Therefore, Plaintiff is again **ADVISED** that if his address has changed, he must notify the Court within 14 days by filing a Notice of Change of Address, as he has done numerous times in this case. (Docs. 5, 7, 13, 21, 35, 46). The failure to do so could result in a dismissal of the case.

(Doc. 50).

It was after the entry of this Order that the Court received Plaintiff's most recent address of record. (Doc. 51). As noted above, however, the mail sent to that address has been returned as undeliverable and Plaintiff has not filed a Notice of Change of Address.

Now, Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b)…operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). However, a court should exercise its discretion under Rule 41 "sparingly." *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014). A dismissal is warranted "only 'when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing.' " *Id*. (quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir.1983)); *but see McMahan v. Deutsche Bank AG*, 892 F.3d 926, 932 (7th Cir. 2018) ("There is no requirement to enter lesser sanctions before dismissing a case for lack of prosecution"); *McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012) ("[J]udges do not abuse their discretion by declining to employ 'progressive discipline.' "). A dismissal is a harsh

4

sanction; however, the ability of a court to wield that authority is essential to the efficient management of heavy caseloads and the protection of all litigants. *Salata*, 757 F.3d at 699 (quoting *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1177–78 (7th Cir.1987)). When weighing a Rule 41 dismissal, courts consider the frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the case, the apportionment of responsibility for those failures between the plaintiff and counsel, the effect of the failures on the judge's calendar and time, the prejudice to the defendant by the dilatory conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the type of litigation. *McMahan*, 892 F.3d at 931-32 (quoting *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003)).

Here, Plaintiff's current whereabouts are completely unknown to the Court. This is despite the frequent admonishments, reflected on the docket, that Plaintiff must file a Notice of Change of Address upon moving from a location. Indeed, on at least two occasions, the Court expressly warned Plaintiff that the failure to file a Notice of Change of Address could result in the dismissal of the case. (Docs. 5 & 50). Also, Plaintiff apparently knew the consequences of failing to do so, as he filed Notices of Change of Address at numerous times during the pendency of this case. (Docs. 7, 13, 21, 35, 46, 51). The Court will not allow this case to languish on the docket, especially at a time where Plaintiff's current whereabouts have been unknown for approximately three months.

Relatedly, Plaintiff's unknown whereabouts have left the pending Motions uncontested, despite the Order for Plaintiff to file a Reply and Response, if any, by dates certain. (Docs. 53 & 57). The invitation for a Reply and Response was an opportunity for

Plaintiff to address, *inter alia*, the proper rule for a dismissal and whether it should be with or without prejudice. Plaintiff did not seize that opportunity, likely as a consequence of failing to file a Notice of Change of Address, despite the Court's warning that "[i]f Plaintiff elects not to file a Reply or Response, then the Court will rule based on the current procedural posture of the case." (Doc. 57). Indeed, nothing has been filed by Plaintiff since December 18, 2023. (Doc. 52). For these reasons, the Court finds it is appropriate to dismiss the case, with prejudice, for want of prosecution under Rule 41(b). *See Thompson v. Stover*, No. 20-cv-252, 2022 WL 17851622, *1-2 (S.D. Ill. Dec. 22, 2022) (dismissing case with prejudice where the plaintiff failed to provide his updated contact information after his release from prison and move from temporary housing, was not in contact with his attorney, did not appear at a hearing or update his address with the court, and failed to respond to an order to show cause); *Cook v. Collman*, No. 19-cv-967, 2022 WL 364998, *1-2 (S.D. Ill. Aug. 24, 2022) (dismissing case with prejudice where the plaintiff, after his release from jail, was not in contact with his attorneys, missed his deposition, did not update his address with the court, and failed to respond to an order to show cause); *Britz v. Effinghman Co. Sheriff's Dep't*, No. 19-cv-1379, 2022 WL 3348777, *1-2 (S.D. Ill. Aug. 12, 2022) (dismissing case with prejudice and terminating a pending motion for summary judgment where the plaintiff did not respond to an order to show cause or a pending motion for summary judgment, despite notice under the civil rules).

Notably, although the above circumstances are sufficient to warrant a dismissal, with prejudice, under Rule 41(b), the Court also notes that Plaintiff is noncompliant with at least one other Order of record. As Defendants point out, even when Plaintiff's

whereabouts were known, he failed to participate in discovery, despite the Court's direction that he "make the outstanding disclosures contemplated by the Initial Scheduling and Discovery Order." (Doc. 48). That failure, like the failure to file a Notice of Change of Address, has served to impede the timely disposition of this case.

For these reasons, Plaintiff's Motion to Dismiss (Doc. 52), without prejudice, is **DENIED**. Defendants' Motion for Sanctions under Rule 37(b)(2)(A)(v) and to Dismiss under Rule 41(b) (Doc. 54) is **GRANTED in part** and **DENIED in part**. That Motion is **GRANTED** to the extent it seeks a dismissal, with prejudice, under Rule 41(b). The Clerk of the Court is **DIRECTED** to enter judgment for Defendants and against Plaintiff.

**SO ORDERED.**

Dated: April 10, 2024

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge